```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

STEVEN BOVA, et al.,

                        Plaintiffs,                Civil Action No. 1:22-mc-00291-MKV

    -against-

ISLAMIC REPUBLIC OF IRAN, et al.,

                        Defendants.
_____

## PROTECTIVE AGREEMENT AND ORDER

        WHEREAS, on or about March 13, 2023, Plaintiffs Steven Bova *et al.* ("Plaintiffs") served separate but identical subpoenas duces tecum (the "Subpoenas") on non-parties JPMorgan Chase Bank, N.A. and Citibank, N.A. (collectively, the "Banks") in this action (the "Action"); and

        WHEREAS, the Subpoenas call for the production of documents in the Banks' possession containing information that includes confidential information; and

        WHEREAS, compliance with the Subpoenas will take place in New York;

        IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and the Banks, by and through their respective undersigned counsel, as follows:

        1.     This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Banks to Plaintiffs in response to the Subpoenas and to any future subpoenas that Plaintiffs may serve on the Banks in connection with the Action.

        2.     The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by the Banks in response to

the Subpoenas that the Banks, after reviewing such record, spreadsheet or other document, reasonably and in good faith believe constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by the Banks. The Banks may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

     3.     If Plaintiffs contend that materials designated by a producing bank should not be deemed Confidential Information under this Protective Agreement and Order, they shall so notify the producing bank within 14 days from the receipt of such designation. Upon receipt of such notification, Plaintiffs and the producing bank shall meet and confer within seven days to attempt to resolve the dispute by agreement. If Plaintiffs and the producing bank are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

     4.     Plaintiffs shall not use or disclose the Confidential Information for any purpose other than (i) in the Action, and specifically to enforce Plaintiffs' judgment entered against the Islamic Republic of Iran and other defendants and registered in the Action (the "Judgment"), or (ii) in garnishment, execution, or similar proceedings that Plaintiffs may commence in the future to enforce the Judgment (collectively, the "Judgment Enforcement Proceedings").

     5.     Confidential Information may be used in connection with any application, motion, hearing, trial or other proceeding in the Action and the Judgment Enforcement

Proceedings, but only on the condition that Plaintiffs shall first request that this Court or any court before which the Judgment Enforcement Proceeding is pending permit such Confidential Information to be filed under seal unless the producing bank expressly waives that requirement in writing.

6. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action and Judgment Enforcement Proceedings:

a. Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

b. Experts or consultants assisting counsel for those parties in the Action and Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

c. Potential, anticipated and actual witnesses, and their counsel, in the Action or the Judgment Enforcement Proceedings, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

d. The Court in the Action and any court in the Judgment Enforcement Proceedings; and

e. Court reporters employed in connection with the Action or any Judgment Enforcement Proceedings.

7. Before counsel may show or disclose Confidential Information pursuant to Section 6 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 6 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or the Judgment Enforcement Proceedings.

8. The inadvertent disclosure by the producing bank of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and the producing bank shall have the right to have the document or information returned to them. Nor shall this Protective Agreement and Order be construed as requiring the Banks, or any of their respective branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver of the producing bank's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

9. The obligations under this Protective Agreement and Order shall survive the termination of the Action and the Judgment Enforcement Proceedings and shall continue to bind Plaintiffs, the Banks, and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

10. This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving

effect to its conflict-of-law principles. Any motion or proceeding related in any way to this Protective Agreement and Order, or to the Subpoenas, shall be brought in the Action.

11. Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

12. The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

13. The Banks' entry into this Protective Agreement and Order shall not be deemed a waiver of any of their objections or defenses to the Subpoenas or to any subsequent subpoenas that Plaintiffs may serve on the Banks.

FLEISCHMAN BONNER & ROCCO LLP

By: /s/Patrick L. Rocco
    Patrick L. Rocco
80 Main Street, Suite 515
White Plains, New York 10601
(908) 337-1426
Procco@fbrllp.com
*Attorneys for Plaintiffs*

KATSKY KORINS LLP

By: /s/Steven B. Feigenbaum
    Steven B. Feigenbaum
605 Third Avenue
New York, New York 10158
(212) 953-3000
sfeigenbaum@katskykorins.com
*Attorneys for Non-party JPMorgan Chase Bank, N.A.*

DAVIS WRIGHT TREMAINE LLP

By: /s/Sharon L. Schneier
    Sharon L. Schneier
1251 Avenue of the Americas
New York, New York 10020
(212) 489-8230
sharonschneier@dwt.com
*Attorneys for Non-party Citibank, N.A.*

SO ORDERED:               June 5, 2023

*Mary Kay Vyskocil*
United States District Judge

5